JERSEY TRIANGLE CORPORATION, PROSECUTOR, v. BOARD OF ADJUSTMENT OF JERSEY CITY, RESPONDENT.

Submitted August 25, 1941—Decided September 25, 1941.

For the prosecutor, *Gross & Gross.*

For the respondent, *Charles A. Rooney* and *Samuel Pesin.*

COLIE, J. M.B.M. Realty Corporation, holder of a contract to purchase premises at 2800 Hudson Boulevard, Jersey City, submitted plans and specifications to the Superintendent of Buildings with an application for a permit to erect a three story building to be used for stores and offices. The permit was refused on the ground that section 3 of the "Zoning Ordinance of Jersey City" prohibited the erection of any building for business or commercial use in the area wherein the property was located. Thereafter, an appeal was taken to the Board of Adjustment. Before the Board rendered its decision a supplemental application for a variation from the applicable section of the zoning ordinance was made in the

name of the owner and Jersey Triangle Corporation, assignee of the contract to purchase the property. Hearings were held on due notice to adjacent landowners. A landowner on Sip Avenue appeared by a representative and objected and another owner of nearby properties wrote a letter by counsel, objecting. Upon the conclusion of the hearings the Board of Adjustment denied the application, stating as grounds for so doing (1) "that the applicant presents no evidence tending to show that the strict enforcement of the ordinance would work a hardship on it." (2) "The applicant is not the owner of the premises but has contracted to purchase same" and (3) "that the granting of this appeal would extend the business area in violation of the spirit of the Zoning Ordinance."

The second ground stated for denial is wholly without merit in fact as well as in law since the landowner joined in the supplemental application made to the Board of Adjustment and in *Brown* v. *Terhune,* 18 *Atl. Rep.* (*2d*) 73, it was said that the holder of a contract to purchase land has sufficient standing to apply for a permit and enforce that right by *certiorari.* The remaining grounds require no particular discussion in view of the decision reached in the case.

By stipulation, the depositions taken on the application for the writ of *certiorari* together with the exhibits were submitted to a single justice pursuant to the statute. Furthermore, the court, in the presence of counsel, has viewed the *locus in quo.* The property at 2800 Hudson Boulevard has a frontage thereon of about 98 feet; a frontage on Sip Avenue to the south of approximately 83 feet and a frontage on Tonnelle Avenue to the east of approximately 82 feet. The land is now vacant and is triangular in shape. Directly across Hudson Boulevard and in an area where business and commercial enterprises are prohibited is a large apartment house, the entire street level of which, excepting the apartment entrance, is devoted to seven different types of business activity. Across Tonnelle Avenue is a millinery store, above which are two dental offices. From the building in which the millinery store is located in a northerly direction Tonnelle Avenue is zoned and used for business on the east side, while

Hudson Boulevard is zoned for and occupied by business and commercial enterprises all the way east to Veterans Square. To the west, for one block Sip Avenue is zoned for residential use but beyond that point it is zoned for business for a distance of four blocks. At the property in question, Hudson Boulevard swings to the south and in the 600 feet to DeKalb Avenue there are 58 properties, 32 of which are being used for business purposes. This is an area zoned for residential purposes. Thus, the picture discloses the *locus in quo,* an oddly shaped triangular bit of ground, surrounded in all four directions by business properties, some of which, the depositions disclose, have been so used since before the enactment of the zoning ordinance.

In *Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183, it was said:

"* * * the ordinary use of property is not authorized by the general welfare clause of the statute to be prohibited because repugnant to the sentiments or desires of a particular class residing in the immediate neighborhood thereof, but only because such use is detrimental to the interests of the public at large; 'that the restriction authorized by this provision of the statute upon the untrammeled use of property for promotion of the general welfare of the community must be such as will tend in some degree to prevent harm to the public generally or to promote the common good of the whole people of such community.' "

There has been no showing in the instant case of any harm to the public generally that will flow from the use of these premises for commercial or business purposes nor are any objections "grounded on interests of public health, safety or the general welfare." 179 *Duncan Avenue Corp.* v. *Board of Adjustment of Jersey City,* 122 *N. J. L.* 292.

The Zoning Ordinance of Jersey City is invalid to the extent that it attempts, by section III thereof and the "Use District Map" accompanying it, to restrict the property now under consideration from use as a business or for a commercial enterprise. Prosecutor is entitled to its permit, with costs.